UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILLENTINE COATES,

       Plaintiff,

v.

FORD MOTOR COMPANY, and XYZ
CORPORATION,

       Defendants.

Case No. 22-mc-51349
Hon.
Mag.

_____

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE
WITH SUBPOENA DUCES TECUM**

NOW COMES Plaintiff, MILLENTINE COATES, by and through her counsel, MEYERS LAW, PLLC, and for her Motion to Compel Compliance with Subpoena *Duces Tecum*, states the following:

1.    The underlying case is a complex products liability lawsuit against Ford Motor Company currently pending before the Honorable Robert A. Molloy in the District Court of the Virgin Islands Division of St. Thomas and St. John, Case No. 3:21-cv-00063. The case involves the unintended deployment of an airbag in Plaintiff's vehicle resulting in loss of control of the vehicle, a subsequent collision and significant injuries in September 2016.

2.    Scott Tompkins, an employee and/or agent of Veoneer US, Inc. (hereinafter "Veoneer"), performed a download of the data contained in the restraint control module (hereinafter "RCM") on the subject vehicle. It is believed that Mr.

Tompkins possesses important information pertaining to the download of data contained on the RCM of the subject vehicle, including his procedure, the information he was able to obtain, information that he was unable to access or obtain, and other matters relating to the data stored on the RCM.

3. On November 9, 2021, Veoneer's legal counsel requested that all communications be addressed to Veoneer's legal department in Southfield, Michigan in lieu of contacting Veoneer employees directly. (**Exhibit 1**, correspondence Re Scott Tompkins).

4. On November 10, 2021, legal counsel for Veoneer was served with a subpoena and notice of taking deposition *duces tecum* for the deposition of its employee, Scott Tompkins. (**Exhibit 2**, subpoena and notice of deposition).

5. On November 23, 2021, Plaintiff sought confirmation of Mr. Tompkins' deposition from counsel for Veoneer. On November 23, 2021, counsel for Veoneer informed that it would not produce Mr. Tompkins for deposition without an order compelling compliance. Despite Plaintiff's efforts to subpoena and notice Mr. Tompkins' deposition, Veoneer's counsel refused to produce any employee until a court order compelling the deposition had been entered. (**Exhibit 1**, correspondence Re Scott Tompkins).

6. Pursuant to Fed. R. Civ. P. 37(a), a party is permitted to seek an order compelling discovery, including a non-party's compliance with a Rule 45 subpoena.

7. Plaintiff's counsel made several attempts to meet and confer by telephone with Veoneer's legal counsel, Scott Bruce, and left numerous voicemails on August 17, 18 and 19, 2022. On August 17, 2022, Plaintiff's counsel contacted Mr. Bruce by e-mail in an attempt to meet and confer regarding the relief sought herein. (**Exhibit 3**, letter dated 8/17/22). Despite these reasonable efforts to meet and confer, Plaintiff's counsel has been unable to conduct a conference. E.D.Mich. LR 7.1.

8. Plaintiff would request this Court enter an order compelling Veoneer to produce Mr. Tompkins for deposition at a date and time that is mutually agreeable for counsel of record in the underlying lawsuit, and to produce documents in accordance with the attached proposed subpoena and notice of deposition *duces tecum*. (**Exhibit 4**, proposed subpoena and deposition notice).

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order compelling Veoneer to comply with Plaintiff's subpoena *duces tecum* commanding Scott Tompkins to testify at a deposition.

                                                Respectfully submitted,
                                                MEYERS LAW, PLLC

                                                By:  */s/ Jeffrey T. Meyers*
                                                      JEFFREY T. MEYERS (P34348)
                                                      Attorneys for Plaintiff
                                                      3200 Greenfield, Suite 260
                                                      Dearborn, Michigan 48120-1802
                                                      (313) 961-0130 Fax: 8178

DATED:  August 22, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILLENTINE COATES,

        Plaintiff,

v.

FORD MOTOR COMPANY, and XYZ
CORPORATION,

        Defendants.

Case No. 22-mc-51349
Hon.
Mag.

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA DUCES TECUM**

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF QUESTIONS PRESENTED ................................. iii

INDEX OF CONTROLLING AUTHORITIES ........................................................iv

INTRODUCTION ..............................................................................................1

STATEMENT OF FACTS ...................................................................................... 1-2

ARGUMENT ........................................................................................................ 2-4

CONCLUSION …………………………………………………………… 4

## **CONCISE STATEMENT OF QUESTION PRESENTED**

Whether non-party, Veoneer US, Inc., should be compelled to comply with a subpoena demanding its employee or agent, Scott Tompkins, who previously downloaded data from the vehicle subject to underlying lawsuit, to appear for a deposition and produce documents requested pursuant to the notice of deposition duces tecum?

Plaintiff says: Yes.

Veoneer US, Inc. says: No.

iv

# **INDEX OF CONTROLLING AUTHORITIES**

**Rules**

Federal Rule of Civil Procedure 26(b)(1) ................................................................3

Federal Rule of Civil Procedure 37(a) ......................................................... *supra*, 2

## INTRODUCTION

The underlying lawsuit, Case No. 3:21-cv-00063, is a complex products liability case against Ford Motor Company currently pending before the Honorable Robert A. Molloy in the District Court of the Virgin Islands Division of St. Thomas and St. John. The case involves the unintended deployment of an airbag in Plaintiff's vehicle on September 22, 2016, which resulted in the loss of control of the vehicle, a subsequent collision and catastrophic injuries. Nonparty, Veoneer US, Inc. (hereinafter "Veoneer") has refused to produce for deposition its employee who conducted a download of data contained on the restraint control module of the subject vehicle and informed that it does not intend to produce any employee for deposition absent a court order compelling such discovery. Pursuant to Fed. R. Civ. P. 37(a), Plaintiff now seeks entry of an order compelling nonparty Veoneer to produce Scott Tompkins for deposition along with documents requested in Plaintiff's subpoena and notice of deposition *duces tecum*.

## STATEMENT OF FACTS

The underlying lawsuit arises out of an automobile accident in the Virgin Islands. On September 22, 2016, Millentine Coates was driving her 2002 Ford Explorer in St. Thomas, Virgin Islands. While she was driving, the Explorer's front driver-side airbag exploded. The explosion of the airbag was not triggered by a collision or any type of impact. Subsequently, Ms. Coates lost control of the Explorer

and crashed. Plaintiff alleges that the airbag in the Explorer was defective in various ways and the direct and proximate cause of the crash. (**Exhibit 5**, Second Amended Complaint, ¶¶ 47-54). She suffered multiple, disabling injuries to her knees, ankles, legs, and back. (*Id.* at ¶¶ 41-46).

After an extensive procedural history, the underlying lawsuit was transferred from the District Court for the Eastern District of Michigan, back to the District Court of the Virgin Islands Division of St. Thomas and St. John.

On or about February 10, 2021, Scott Tompkins, an employee and/or agent of Veoneer US, Inc., performed a download of the data contained on the restraint control module of the subject vehicle. Plaintiff sought to depose Mr. Tompkins regarding his download but Plaintiff's counsel has been informed by Steve Bruce, counsel for Veoneer, that it will not produce Mr. Tompkins for deposition, and does not intend to produce any employee for deposition, absent a court order compelling such production. (**Exhibit 1**, correspondence re Scott Tompkins). As requested by Veoneer's legal counsel, Plaintiff now seeks an order compelling compliance with a subpoena for Scott Tompkins to appear for his deposition *duces tecum*.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37(a), a party may, "[o]n notice to other parties and all affected persons. . . move for an order compelling disclosure or discovery."

The permissible scope of discovery is governed by F.R.C.P. 26(b)(1), which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable. [Fed. R. Civ. P. 26(b)(1)].

The discovery sought by the deposition of Scott Tompkins is not privileged, but undeniably relevant to the parties claims and defenses and proportional to the needs of this case. This case involves an unintended airbag deployment in the subject vehicle. Mr. Tompkins utilized to the subject vehicle's restraint control module, to download data relating to the airbag deployment. The procedures utilized by Mr. Tompkins, the data he obtained, as well as the data he may not have been able to access and download, among other things, are crucial to the claims and defenses in the underlying case and are proportional to the needs of the case.

Plaintiff suffered catastrophic injuries, including an open pelvic fracture, right femur fracture, open total knee displacement with patella tendon avulsion, and numerous other traumatic injuries, which have required extensive and ongoing medical care and treatment. The amount in controversy is significant, as reflected by the injuries and damages sustained by Plaintiff. Veoneer will incur only minimal

burden and expense in producing Mr. Tompkins for deposition which does not outweigh the likely benefit to the parties by obtaining his deposition testimony relative to his download of the RCM. The information believed to be in Mr. Tompkins' possession is of vital importance to the issues in the underlying lawsuit, and absent his deposition, the parties are left only with the raw data and video footage of his download. The proportionality facts weigh in favor of compelling Veoneer to produce Mr. Tompkins for deposition.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order compelling Veoneer to comply with Plaintiff's subpoena *duces tecum* commanding Scott Tompkins to testify at a deposition.

    Respectfully submitted,

    MEYERS LAW, PLLC

By:   */s/ Jeffrey T. Meyers*
      JEFFREY T. MEYERS (P34348)
      Attorneys for Plaintiff
      3200 Greenfield, Suite 260
      Dearborn, Michigan 48120-1802
      (313) 961-0130 Fax: 8178

DATED: August 22, 2022

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of August 2022, I caused a true and exact copy of the foregoing to be filed with the Court's CM/ECF Electronic Case Filing System.

**I FURTHER CERTIFY** that I served a copy of the foregoing via mail and electronic mail upon:

Courtney M. King
McDonald Toole Wiggins
111 Magnolia Avenue
Suite 1200
Orlando, FL 32801
*Attorney for Ford Motor Company*
cking@mtwlegal.com

Scott A. Richman
McDonald Toole Wiggins
111 Magnolia Avenue
Suite 1200
Orlando, FL 32801
*Attorney for Ford Motor Company*
srichman@mtwlegal.com

Steven Bruce
Staff Attorney
Veoneer
26360 American Dr.
Southfield, MI 48034
steve.bruce@veoneer.com

Gaylin Vogel
Barnes & Neil, LLP
1134 King Street, 2nd Floor
Christiansted, VI 00820
*Attorneys for Ford Motor Company*
gvogel@barnesneil.com

                          */s/ Jeffrey T. Meyers*
                              JEFFREY T. MEYERS